UNITED STATES DISTRICT COURT
For The
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

|  |  |
|---|---|
| MICHAEL JAMES TAYLOR,<br><br>Plaintiff,<br><br>VS.<br><br>CITY AND COUNTY OF HONOLULU;<br>OAHU TRANSIT SERVICES, INC. and<br>LORI K. McMILLAN,<br><br>Defendants. | ) <br>)<br>) Civil Case No:7:16-cv-00410<br>)<br>) Jury Trial Requested<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR A CIVIL ACTION**

**PARTIES:**

    **A. Plaintiff:**    Michael James Taylor
                            155 Drummer Kellum Road
                            Jacksonville, North Carolina 28546
                            1(910) 581-7563

    **B. Defendants:**   City and County of Honolulu
                            530 South King Street
                            Honolulu, Hawaii  96813
                            1(808) 768-4141
                            9(808) 768-5552

                            Oahu Transit Services, Inc.
                            811 Middle Street
                            Honolulu, Hawaii  86819
                            1(808) 848-4400

                            Lori K. McMillan
                            2379 Apoepoe Street
                            Pearl City, Hawaii  96782

1

1(808) 741-6264

BASIS FOR JURISDICTION

1.      The United States District Court for the Eastern District of North Carolina has jurisdiction over this matter pursuant to 28 U.S.C.§ 1332, in that this involves diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs (Plaintiff contends he received serious and permanent physical injuries to his back, left shoulder and left arm, incurred medical expenses to treat the same and suffered from other injuries caused thereby from an motor vehicular accident involving Defendants on December 15, 2014 and believes his damages equal at least $750,000.00). The parties to this action are citizens of different states. Plaintiff Michael James Taylor is a citizen and resident of Onslow County, North Carolina. Defendant City and County of Honolulu is a governmental unit located in Honolulu, Hawaii; Defendant Oahu Transit Services, Inc. is a corporation organized and existing under the laws of the state of Hawaii with its principal place of business in Honolulu, Hawaii;  and Defendant Lori K. McMillan is a citizen and resident of the State of Hawaii.  All defendants are residents of the State of Hawaii.

FACTS

2.      Plaintiff, Michael J. Taylor, is a citizen of the United States of America and currently is a resident of the State of North Carolina.

3.      Defendant City and County of Honolulu (hereinafter referred to as Defendant Honolulu) is a governmental unit and is a combined city and county government located in the State of Hawaii. Plaintiff believes it has waived sovereign immunity for purposes of this action.

4.      Defendant Oahu Transit Services, Inc. (hereinafter referred to as Defendant Transit Services) is a corporation organized and existing under the laws of the State of Hawaii with its principal place of business in Honolulu, Hawaii.

5.      Plaintiff believes that at the time of the filing of this action Defendant Lori K. McMillan is a resident of the State of Hawaii

6.      On December 15, 2014 Defendants Honolulu, through its Department of Transportation, Public Transportation Division, and Transit Services through a joint public and private venture operated a public transportation bus system known as TheBus. TheBus is a public mass transit service on the island of Oahu, Honolulu, Hawaii.

7.      Defendants Honolulu and Transit Services owned and operated a public transit bus motor vehicle on that date which Plaintiff believes and therefore alleges had license plate number BUS149 and vehicle identification number 5FYD5YS037C032593 (hereinafter referred to as bus number 149). This vehicle was in service on that date with TheBus.

8.      On that day Plaintiff was a paying passenger lawfully on bus number 149 obeying all the laws, rules and regulations applicable to him as a passenger on the bus.

9.      On December 15, 2014 Defendants Honolulu and or Transit Service employed Defendant McMillan as a professional driver of bus number 149 and at all times on that date she operated bus number 149 within the scope of her employment and as an agent, servant and or employee of Defendants Honolulu and or Transit Services.

10.     On December 15, 2014 TheBus had an extensive ridership of more than 70,000,000 million boardings annually on its fleet of more than 500 buses, providing daily service on greater than 100 routes. While TheBus had a large ridership it had duty to protect the passengers

from injury by its negligence and the negligence of employees, servants and or agents of Defendants Honolulu and Transit Services.

11.     TheBus allowed passengers to ride standing (referred to as standees) on bus vehicles while moving like bus number 149 which was involved in this action.  Plaintiff was a standee while riding bus number 149 on the date and time of the accident alleged herein.

12.     Each of the Defendants owed a duty to Plaintiff to operate bus number 149 in a safe, lawful and prudent manner using ordinary care and the degree of care that a reasonable and prudent person operating a bus like bus number 149 would use at the time and place described herein and  by obeying all the relevant rules of the road so to avoid injury to Plaintiff while a passenger on that bus.

13.     Defendant McMillan was operating bus number 149 near the intersection of Wakea Street and Haumea Street in Kapolei, Hawaii when the events that are the subject of this complaint occurred. While operating the bus Defendant McMillan without warning decelerated  the bus by braking and stopped the bus suddenly and rapidly. This caused a passenger standing immediately in front of Plaintiff to begin to fall. Plaintiff grabbed this passenger to prevent the passenger from falling. The bus stopped momentarily then Defendant McMillan accelerated the bus suddenly and without warning.  At this moment Plaintiff was not holding onto rails, straps and support objects for standing passengers as he was continuing to hold onto the passenger in front of him that had been falling. Plaintiff was thrown backward by the unexpected acceleration causing him to fall, striking  and injuring his left shoulder and left upper extremity among other injuries.

14.     A that time Defendant McMillan knew or should have known that rapid decelerations and accelerations like the one she performed on December 15, 2014 placed standees on bus number

149 at the time in danger of losing balance and falling and it was reasonably foreseeable that if a passenger was falling as a result of such actions that other passengers, like Plaintiff, would react to prevent the passenger from falling and injuring himself or others, and in so doing would put the reacting passenger, like Plaintiff, in danger of falling and injuring himself.

15. Defendant McMillan failed to assure herself before accelerating bus number 149 following the rapid deceleration and stop that Plaintiff and other passengers knew she was about to accelerate and that Plaintiff and other passengers were braced and ready for her to accelerate the bus before doing so.

16. Defendant McMillan became aware that Plaintiff had fallen and stopped the bus to investigate the incident. Defendant McMillan summoned an emergency ambulance team to evaluate and assist any injured passengers including Plaintiff and a police officer to investigate the matter.

17. Plaintiff was injured in the accident but did not believe his injuries were serious at the time and declined an offer of transport by the EMS team to a medical facility for further evaluation. However later he discovered that his injuries were more serious and extensive than he first thought.

18. Plaintiff believes and therefore alleges that Defendants were negligent in causing his injuries as follows;

## NEGLIGENCE OF DEFENDANT MCMILLAN

19. The allegations of Paragraphs 1 through 18 are incorporated herein as fully s though set out.

20. Defendant McMillan was negligent on December 15, 2014 in that she:

a. failed to use that degree of care which a reasonable and prudent person would use under like circumstances in operating bus number 149 on which Plaintiff was a passenger causing Plaintiff to fall unnecessarily during its operation;

b. failed to use ordinary and reasonable care in the operation of bus number 149 at the time Plaintiff was a passenger on the bus causing Plaintiff to fall unnecessarily during its operation;

c. stopped and then accelerated bus number 149 she was operating rapidly and without warning causing Plaintiff to fall unnecessarily during its operation;

d. drove bus number 149 while Plaintiff was a passenger on it at a speed greater than was reasonable and prudent having regard to the actual potential hazards and conditions then existing, including violation of HI Rev Stat § 291C-101;

e. accelerated and stopped bus number 149 which she was operating and on which Plaintiff was a passenger rapidly and without warning while failing to see that such movements could be made in safety and in violation of Honolulu Traffic Code and other applicable statutes;

f. failed to keep a reasonable and proper lookout in the direction she was driving bus number 149 on which Plaintiff was a passenger in order to see other traffic and obstacles in a timely manner so as to avoid rapid and dangerous decelerations and accelerations like the one described herein;

g. operated bus number 149 by driving it too close to other motor vehicles and obstacles on the streets and highways requiring that she rapidly decelerate the bus she was operating at the time causing Plaintiff to unnecessarily fall and in violation of HI Rev Stat § 291C-50 (2013) and other statutes;

h. she knew or should have known that Plaintiff, as a standee, was especially susceptible of falling and being injured during rapid and sudden deceleration and acceleration of bus number 149 she was operating and she failed to adequately and timely warn Plaintiff of the impending deceleration and acceleration of the bus so that he could take actions to protect himself from falls and injuries;

i. failed to see that Plaintiff was safely braced and securely holding on in order to avoid falls and injuries before decelerating and accelerating bus number 149 she was operating;

j. failed to allow adequate time for Plaintiff, as well as any passenger who might affect Plaintiff, to sit down or to brace himself or herself before rapidly decelerating or accelerating bus number 149 she was operating;

k. departed from a stopped or slowed speed at a speed or pace that was too fast such that it caused Plaintiff to lose balance and fall;

l. failed to see and observe any behavior by other passengers which could injure or endanger the comfort, health, peace and safety of Plaintiff who was lawfully and safely riding bus number 149 causing him to fall and injure his person;

m. failed to give adequate instructions to Plaintiff as a standee regarding the proper method and manner of holding onto bars and braces to avoid falls

    from sudden and rapid stops and accelerations while a passenger on bus number 149;

n. failed to insure that Plaintiff had a secure hold onto vertical grab rails, straps and handrails on the seatbacks of bus number 149 she was operating before rapidly decelerating and accelerating it to prevent Plaintiff from falling and injuring himself;  and

o. such other negligence which the discovery in this case may present.

### NEGLIGENCE OF THE DEFENDANT HONOLULU AND DEFENDANT TRANSIT SERVICE

21. The allegations of Paragraphs 1 through 20 are incorporated herein as though fully set out.

22. Defendant McMillan was the agent, servant and or employee of Defendant Honolulu and or Defendant Transit Service and the operation of bus number 149 at all times alleged herein was within the scope of her employment.  As such the negligent actions on the part of Defendant McMillan as alleged above are imputed by operation of law to Defendant Honolulu and or Defendant Transit Services and they are themselves negligent pursuant to the doctrine of Respondeat Superior.

22. Defendant Honolulu and or Defendant Transit Service were independently negligent on December 15, 2014 in that they failed:

a. to properly and adequately instruct and train Defendant McMillan to drive and operate a bus like bus number 149 she was operating on December

15, 2015 so as to recognize and avoid the danger of rapid and sudden accelerations and decelerations of her bus without warnings in order prevent Plaintiff from falling and injuring himself; and

b. Such other negligence as the discovery herein reveals.

## PROXIMATE CAUSE

As a direct and proximate cause of the negligence of the Defendants as set out herein Plaintiff received serious and permanent injuries to his person including bruises to his body, strains and sprains of his soft tissues, a tear to his left shoulder rotator cuff, left carpal tunnel injury;  injuries to structures in his left elbow among other injuries for which he has incurred and continues to incur substantial medical expense, pain and suffering, scarring and medical expenses in an amount of $500,000.00.

## PRAYER FOR RELIEF

Wherefore Plaintiff prays as follows:

1. That he have a trial by jury as by law allowed;

2. That he have and recover a sum in excess of $750,000.00 from the Defendants jointly and severally for his personal injuries;

3. That he have and recovery costs and interest as provided by law; and

4. For such other and further relief as the Court deems just and reasonable.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

      This the 15th day of December, 2016.

                              THE LAW OFFICE OF THOMAS
                              E. BARWICK, P.L.L.C.

                              /s/ Thomas E. Barwick
                              442 1/2 East Main Street
                              Clayton, North Carolina 27520
                              Office Telephone: (919) 550-2619
                              Office Facsimile: (919) 550-2678
                              E-mail: tom@tombarwicklaw.com
                              NCSB# 9113
                              Attorney for Plaintiff