IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:16-CV-410-D

MICHAEL JAMES TAYLOR,

            Plaintiff,

v.

CITY AND COUNTY OF HONOLULU,
OAHU TRANSIT SERVICES, INC.,
and LORI K. MCMILLAN,

            Defendants.

**ORDER**

On December 15, 2016, Michael James Taylor ("Taylor" or "plaintiff") filed a complaint against the City and County of Honolulu ("Honolulu"), Oahu Transit Services, Inc. ("OTS"), and Lori K. McMillan ("McMillan") (collectively, "defendants"), asserting state-law negligence claims arising from a bus accident in Hawaii [D.E. 1]. On January 20, 2017, McMillan and OTS moved to dismiss the action for lack of personal jurisdiction and improper venue, and in the alternative to transfer venue to the United States District Court for the District of Hawaii [D.E. 7] and filed a memorandum in support [D.E. 8]. On February 10, Taylor responded in opposition [D.E. 9, 10], and moved in the alternative to transfer venue to the District of Hawaii [D.E. 11]. On February 23, 2017, McMillan and OTS replied [D.E. 16].

On February 28, 2017, Honolulu moved to dismiss the action for lack of personal jurisdiction and improper venue, and in the alternative to transfer venue to the District of Hawaii [D.E. 18] and filed a memorandum in support [D.E. 19]. On March 21, 2017, Taylor responded in opposition [D.E. 21] and moved in the alternative to transfer venue [D.E. 22]. As explained below, the court grants defendants' motions to transfer, grants Taylor's motions to transfer, and transfers this action to the United States District Court for the District of Hawaii.

I.

Taylor resides in North Carolina. Compl. [D.E. 1] ¶ 2. Honolulu is a combined city and county government in Hawaii. Id. ¶ 3. OTS is a Hawaii corporation. Id. ¶ 4. McMillan resides in Hawaii. Id. ¶ 5. Honolulu and OTS owned and operated a bus system known as TheBus. Id. ¶¶ 6–7. On December 15, 2014, McMillan was employed by Honolulu and OTS as a bus driver operating a "TheBus" bus on which Taylor was a passenger. Id. ¶¶ 9, 13. The bus rapidly stopped then accelerated, causing Taylor to fall and suffer injuries. Id. ¶ 13.

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. To defeat a Rule 12(b)(2) motion, a plaintiff typically must prove by a preponderance of the evidence that the court has personal jurisdiction over the defendant. See Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). If a court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only establish a prima facie case. Combs, 886 F.2d at 676. When determining whether the plaintiff has met this burden, courts resolve all factual disputes and draw all reasonable inferences in the light most favorable to the plaintiff. Id.; see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). However, an evidentiary hearing need not include live testimony, but merely the opportunity for the parties to present evidence and argument on the question of jurisdiction. Grayson, 816 F.3d at 268. After the court has considered such evidence and argument, it determines whether a plaintiff has proven by a preponderance of the evidence that the court has personal jurisdiction over the defendant. Id.

A federal court may exercise personal jurisdiction over a person to the extent allowed by state law in the state where the federal court sits. See Fed. R. Civ. P. 4(e)(1), (h)(1)(A), (k)(1)(A). The North Carolina long-arm statute extends personal jurisdiction over out-of-state defendants in all cases in which the Fourteenth Amendment's Due Process Clause permits. See Dillon v. Numismatic Funding Corp., 291 N.C. 674, 676, 231 S.E.2d 629, 630–31 (1977); Century Data Sys., Inc. v.

2

McDonald, 109 N.C. App. 425, 427, 428 S.E.2d 190, 191 (1993). To determine whether the North Carolina long-arm statute reaches a particular defendant, courts analyze whether the defendant has sufficient minimum contacts with North Carolina such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quotation omitted); see Dillon, 291 N.C. at 676–80, 231 S.E.2d at 630–33.

Courts recognize two types of personal jurisdiction: general and specific. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Taylor does not argue that the court has general jurisdiction over defendants. When assessing specific jurisdiction, courts consider three factors: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the [forum] state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003); see Bristol-Myers Squibb Co. v. Super Ct. of Cal., 137 S. Ct. 1773, 1780–81 (2017); Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474–77 (1985). When analyzing the first two elements, courts consider only the defendant's activities—those contacts that the defendant himself has created with the forum. See Bristol-Myers Squibb Co., 137 S. Ct. at 1781–82; Walden, 134 S. Ct. at 1122; Burger King, 471 U.S. at 472–78. In accordance with this principle, "[t]he substantial connection between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., 480 U.S. 102, 112 (1987) (plurality opinion) (citations and emphasis omitted); see Bristol-Myers Squibb Co., 137 S. Ct. at 1781–82; Walden, 134 S. Ct. at 1122.

Taylor argues that the court has specific jurisdiction over defendants because Honolulu holds itself out as a tourist destination, many tourists from North Carolina visit Honolulu, and because "TheBus" is advertised on internet sites as a primary mode of transportation in Honolulu which

3

makes it a mechanism for promoting tourism. Even if the court were to find that defendants' generally-available internet postings, or the mere fact of travel from North Carolina to Hawaii, qualified as defendants purposefully availing themselves of the privilege of conducting activities in North Carolina, the court would still be unable to find personal jurisdiction here. Taylor cannot show that his claims against defendants arise out of defendants' tourism promotion in North Carolina. Taylor was not a tourist when the accident occurred. Rather, he was a resident of Hawaii who had lived there for years. See [D.E. 10] 8. Moreover, exercising jurisdiction over defendants based on their operation of a bus system in a city that attracted tourists would not be constitutionally reasonable. See Bristol-Myers Squibb Co., 137 S. Ct. at 1781–82; Walden, 134 S. Ct. at 1122–26 World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). Therefore, this court lacks personal jurisdiction over defendants.

Alternatively, defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue. Venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A natural person resides where he is domiciled. Id. § 1391(c)(1). A corporate entity resides in any judicial district where it is subject to the court's personal jurisdiction with respect to the case. Id. § 1391(c)(2).

To determine whether a district meets the requirements of 28 U.S.C. § 1391(b)(2), courts must focus on "the entire sequence of events underlying the claim" and "should not focus only on those matters that are in dispute or that directly led to the filing of the action." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004) (quoting Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42

4

(1st Cir. 2001)). Although an event need not be in dispute to be considered substantial, it must "give rise to the claim." Id.

All defendants reside in the Hawaii, therefore, venue is proper in Hawaii under subsection (1). As for subsection (2), a substantial part of the events or omissions giving rise to this claim occurred in the District of Hawaii. None of the events giving rise to the claim occurred in North Carolina. In opposition, Taylor argues that substantial events giving rise to his claim occurred in North Carolina because he received medical care in North Carolina. See [D.E. 10] 9; [D.E. 21] 8–9. The complaint, however, contains no allegation that Taylor received medical care in North Carolina, and Taylor does not cite any factual support for that proposition. Even accepting as true that Taylor did receive medical care in North Carolina, medical care in North Carolina to treat an injury suffered in Hawaii is not sufficient basis to conclude that a substantial part of the events or omissions giving rise to the claim occurred in North Carolina. Information gathered during Taylor's medical treatment in North Carolina may have revealed the extent of Taylor's injuries, and Taylor may seek to recover medical expenses as a measure of damages, but those events did not give rise to his claim. Taylor's claim accrued, if at all, on a bus in Honolulu. That is where the events that "allegedly entitle[] the plaintiff to payment" occurred. Mitrano 377 F.3d at 405. Only when Taylor entered North Carolina after the accident did this claim touch any district in North Carolina. The venue statute, however, protects "the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Leroy v. Great W. United Corp., 443 U.S. 173, 184 (1979). Reading section 1391(b)(2) as Taylor requests would eviscerate this purpose, allowing injured plaintiffs to create venue in any judicial district by moving there after their claim has accrued. Because venue is proper in Hawaii under section 1391(b)(1) and (2), venue cannot be proper under subsection (3). Therefore, venue is not proper in the Eastern District of North Carolina.

A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); O'Neal

5

v. Hicks Brokerage Co., 537 F.2d 1266, 1268 (4th Cir. 1976). Questions regarding transfer under section 1404(a) are committed to the sound discretion of the district court. See, e.g., Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991). Under 28 U.S.C. § 1404(a), a district court may transfer a case for the convenience of the parties and witnesses, in the interest of justice, to any other district where the action might have been brought, or to any district to which all parties consent. Additionally, a district court may dismiss an action, or if it is in the interest of justice, transfer an action if venue is improper in the transferor court. See 28 U.S.C. § 1406(a). Even if venue is proper in the transferor court, transfer may be made under section 1406(a) for any reason which constitutes an impediment to a decision on the merits. See, e.g., Porter v. Groat, 840 F.2d 255, 257–58 (4th Cir. 1988); Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F. Supp. 2d 491, 494 (E.D.N.C. 2006).

Having determined that the court lacks personal jurisdiction over defendants, and that venue is not proper in the Eastern District of North Carolina but is proper in the District of Hawaii, the court must decide whether to transfer this case to the District of Hawaii "in the interests of justice." 28 U.S.C. § 1406(a); see Szulik v. TAG Virgin Islands, Inc., 858 F. Supp. 2d 532, 548 (E.D.N.C. 2012); Dacar v. Saybolt LP, No. 7:10-CV-12-F, 2011 WL 223877, at *2 (E.D.N.C. Jan. 24, 2011) (unpublished); Blue Mako, Inc. v. Minidis, 472 F. Supp. 2d 690, 703 (M.D.N.C. 2007). A district court must "consider four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015).[1] In balancing these factors, a district courts has substantial discretion to decide whether to transfer venue. See Stewart Org., Inc. v. Ricoh

---

[1] Courts in this district have described the test in terms of eleven more specific factors rather than four more general factors, but the analysis remains essentially the same. See Szulik, 858 F. Supp. 2d at 548; Dacar, 2011 WL 223877, at *3; Charles v. Bradley, No. 5:08-CV-124-F, 2009 WL 1076771, at *2 (E.D.N.C. Apr. 21, 2009) (unpublished).

6

Corp., 487 U.S. 22, 29 (1988); Brock, 933 F.2d at 1257; Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F. Supp. 2d 491, 493 (E.D.N.C. 2006). The court now considers each factor in turn, in light of Taylor's request that this court transfer venue to the District of Hawaii if this court finds that venue is improper in the Eastern District of North Carolina.

As for the first factor, plaintiff's choice of forum, Taylor filed this action in the Eastern District of North Carolina. Thus, this factor does not weigh in favor of transfer.

As for the second factor, the convenience of the witnesses and the ease of access to evidence, plaintiff and his medical providers are located in the Eastern District of North Carolina, while defendants are located in Hawaii. This court, however, lacks personal jurisdiction over the defendants. Thus, this second factor weighs in favor of transfer.

As for the third factor, the convenience of the parties, Taylor resides in the Eastern District of North Carolina but resided in Hawaii until shortly after the accident occurred. All three defendants reside in the District of Hawaii. Thus, this third factor weighs in favor of transfer.

As for the fourth factor, the interests of justice, this factor implicates many considerations. One such consideration is the particular interest a forum may have in deciding a case. The District of Hawaii has a particular interest in deciding cases involving Hawaii law, which the parties agree will apply in this case, [D.E. 21] 11, particularly when those cases are brought against a Hawaii municipality (Honolulu), a Hawaii corporation offering local public transit services (OTS), and one of their employees (McMillan).[2] Thus, this fourth factor strongly weighs in favor of transfer. Having reviewed the record and the interests of justice, the court will transfer this action to the District of Hawaii.

---

[2] North Carolina follows a lex loci delicti approach to choice of law in tort cases, applying the substantive law of the state where the claim arose, here Hawaii. See Boudreau v. Baughman, 322 N.C. 331, 335, 368 S.E.2d. 849, 854 (1988).

7

II.

In sum, defendants' motions to dismiss and in the alternative transfer [D.E. 7, 18] are GRANTED, Taylor's motions to transfer venue [D.E. 11, 22] are GRANTED, and the action is transferred to the United States District Court for the District of Hawaii.

SO ORDERED. This 16 day of August 2017.

JAMES C. DEVER III
Chief United States District Judge